## METROPOLITAN MANUF'G CO. v. MCDONALD.

(*City Court of New York, Trial Term.*	October 11, 1889.)

**1. GUARANTY—ESTOPPEL.**
Defendant, who has represented to plaintiff that he signed a guaranty, bearing defendant's name, on which representation plaintiff acts, is estopped to deny his liability on the guaranty, though he did not in fact sign it.

**2. SAME—EVIDENCE.**
Testimony by defendant that he does not recollect making the representation is not evidence that he did not make it, where a disinterested witness contradicts him.

Action by the Metropolitan Manufacturing Company against James McDonald, on a written guaranty of the faithful performance of his duties by James McCloskey as an employe of plaintiff, given for a recited consideration of one dollar, and the employment by plaintiff of McCloskey. Defendant admitted to plaintiff's representative that he signed the guaranty, and, relying thereon, plaintiff employed McCloskey, who afterwards defaulted.

*A. H. Berrick,* for plaintiff.	*T. Darlington,* for defendant.

MCADAM, C. J.	The evidence proves that the guaranty was not signed by the defendant, but by his son, James K. McDonald. The plaintiff supposed it was signed by the defendant, and, having satisfied itself as to his responsibility, its representative called upon him to ascertain if all was right. The instrument bore the name of defendant; and, on his declaration that he had signed it, the plaintiff acted upon the faith of the representation, and the defendant cannot now deny its truth. *Bank* v. *Bank,* 50 N. Y. 575; Bouv. Law Dict. tit. "Estoppel;" And. Law Dict. tit. "Estoppel in Pais." The defendant testifies that he had no recollection of making the representation, but his want of memory cannot be accepted as evidence that the representation was not made, in the face of the positive proof by the disinterested witness called by the plaintiff that he did make it, particularly as the defendant refused to make his denial positive, although urged to do so. He evidently felt that he may have made the representation, and did not want to take the responsibility of denying it under oath. The proof of McCloskey's default having been sufficiently established by the proofs, it folows that the plaintiff is entitled to judgment for $204.95, with interest, aggregating $221.72, with costs.